FILED

2012 Oct-05  PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **TIMOTHY MORRIS WILLIAMS,** | ) ) ) | |
| Petitioner, | ) ) | |
| | ) | Civil Action Number |
| **v.** | ) | **4:12-cv-8020-AKK** |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Timothy Morris Williams ("Petitioner"), a federal prisoner, seeks

to have his sentence vacated, set aside, or corrected  pursuant to 28 U.S.C. § 2255.

Doc. 1.  Petitioner was convicted in this court on January 5, 2011, pursuant to his

plea of guilty to one count of conspiracy to distribute and possess with intent to

distribute cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and

841(b)(1)(A) (Count I), and two count of distribution of cocaine base, in violation

of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and (B) (Counts 2 and 3).  Following

this guilty plea, the court sentenced Petitioner, on April 19, 2011, to a term of

imprisonment for 216-months and a $300.00 assessment fee, followed by a 60-

month term of supervised release.

Petitioner did not file any direct appeals but, instead, alleges that his "prior convictions did not rise to the level of felony for enhancement purposes," doc. 1 at 15, and asks this court to vacate his sentence under §2255 and remand him "for re-sentencing without the erroneous enhancement." *Id*.  In its response, the United States of America (the "Government") asserts that Petitioner waived his right to file a petition under § 2255 in his plea agreement, but concedes that the court should have sentenced Petitioner in accordance with the Fair Sentencing Act ("FSA").[1]  Doc. 5 at 1.  The Government further contends that it will not invoke

---

[1]

Under the Anti-Drug Abuse Act (1986 Drug Act), the 5- and 10-year mandatory minimum prison terms for federal drug crimes reflected a 100-to-1 disparity between the amounts of crack cocaine and powder cocaine needed to trigger the minimums. Thus, the 5-year minimum was triggered by a conviction for possessing with intent to distribute 5 grams of crack cocaine but 500 grams of powder, and the 10-year minimum was triggered by a conviction for possessing with intent to distribute 50 grams of crack but 5,000 grams of powder.  The United States Sentencing Commission – which is charged under the Sentencing Reform Act of 1984 with writing the Federal Sentencing Guidelines – incorporated the 1986 Drug Act's 100-1 disparity into the Guidelines because it believed that doing so was the best way to keep similar drug-trafficking sentences proportional, thereby satisfying the Sentencing Reform Act's basic proportionality objective.  The Fair Sentencing Act, which took effect on August 3, 2010, reduced the disparity to 18-to-1, lowering mandatory minimums applicable to many crack offenders, by increasing the amount of crack needed to trigger the 5-year minimum from 5 to 28 grams and the amount for the 10-year minimum from 50 to 280 grams, while leaving the powder cocain amounts intact. It also directed the Sentencing Commission to make conforming amendments to the Guidelines "as soon as practicable" (but no later than 90 days after the Fair Sentencing Act's effective date).  The new amendments became effective on November 1, 2010.

*Dorsey v. United States*, 132 S. Ct. 2321, 2323, No. 11-5683, 2012 WL 2344463 at *1 (June 21, 2012).

the waiver or assert a procedural default if Petitioner amended his current petition

to encompass a claim of improper sentencing under the FSA. *Id.* Petitioner, in his

reply, stated that he "would respectfully request that this amendment be allowed."

Doc. 7 at 1. The court, thus, liberally construes Petitioner's pleading, as it must

for *pro se* parties, as an amendment to his original petition to include a claim

under the FSA. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.

1998).

Petitioner asserts initially that the court erroneously enhanced his sentence

because "Petitioners prior convictions does not rise to the level of serious drug

offenses. Suspended sentences and custodial sentences MUST be viewed

differently[.][*sic*]" Doc. 1 at 15. This argument, however, is futile in light of the

fact that Petitioner expressly waived his right to such a petition in his plea

agreement. Specifically, the plea agreement states that

> In consideration of the recommended disposition of this case, I, Timothy
> Morris Williams, hereby waive and give up my right to appeal my
> conviction and/or sentence in this case, as well as any fines, restitution,
> and forfeiture orders, the court might interpose. Further, I waive and
> give up the right to challenge my conviction and/or sentence, any fines,
> restitution, forfeiture orders imposed or the manner in which my
> conviction and/or sentence, any fines, restitution, and forfeiture orders
> were determined in any post-conviction proceeding, including, but not
> limited to, a motion brought under 28 U.S.C. § 2255.

Doc. 5-1 at 10. A waiver of a right to appeal a sentence, such as the one in

3

Petitioner's plea agreement, is enforceable so long as the Petitioner entered into it knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). For the waiver to be considered knowing and voluntary, "the . . . court must have specifically discussed the sentence appeal waiver with the [Petitioner] during the Rule 11 hearing." *Id*. at 50-51. In this case, the court discussed the appeal waiver contained in Petitioner's plea agreement at the change of plea hearing held on January 5, 2011:

> MS. BURRELL: . . . Your Honor, also, if you will notice on pages 10, 11, and 12 of this plea agreement, the defendant has agreed to waive certain rights to appeal.
>
> THE COURT: Thank you.
>
>     Mr. Williams, why don't you get the plea agreement from your lawyer and take a look at it. It's an 18-page document, and in the bottom right-hand corner of it throughout the document are the initials TW. Again, those are your initials; is that correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And did you write them on this document?
>
> THE DEFENDANT: Yes, sir.
>
> . . .
>
> THE COURT: And the signature there is under Section 6 of this agreement which Ms. Burrell mentioned earlier. This is you acknowledging that you're waiving your rights to appeal or to seek postconviction relief and that the only reservation that you are making

4

is the right to challenge any sentence that the Court impose [sic] that exceeds the applicable statutory maximums that I went over with you earlier or any sentence imposed that exceeds the sentencing guideline ranges as determined by the Court at the time the sentence is imposed.

You acknowledge and recognize that except for those two limited situation, you're waiving your right to appeal or to seek any postconviction relief; is that correct?

THE DEFENDANT: Yes, sir.

. . .

THE COURT: And does this plea agreement set forth everything that you're aware of that you're relying on by way of a plea agreement?

THE DEFENDANT: Yes, sir.

THE COURT: And you did in fact sign the plea agreement?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions regarding the meaning of the agreement or how it might operate?

THE DEFENDANT: No, sir.

Doc. 5-2 at 14-15, 17. This colloquy by the court demonstrates that the court fully discussed the waiver with Petitioner and, thus, his waiver is enforceable as knowing and voluntary under *Bushert*. Accordingly, Petitioner's § 2255 petition, on the grounds of purported inappropriate sentence enhancement, is **DENIED**.

Petitioner's amended petition asserts additionally that the court must vacate

his sentence because he was not sentenced under the FSA.  Although the conduct

leading to Petitioner's conviction occurred in June and July of 2010, *see* Doc. 5-1

at 3-5, prior to the August 3, 2010 effective date of the FSA, the Supreme Court

recently held that "Congress intended the Fair Sentencing Act's new, lower

mandatory minimums to apply to the post-Act sentencing of pre-Act offenders."

*Dorsey v. United States*, No. 11-5683, 2012 WL 2344463 at *14 (June 21, 2012).

Thus, because the court sentenced Petitioner on April 19, 2011, after the Act's

effective date, it is clear that Petitioner is due to be resentenced under the FSA.

Accordingly, Petitioner's motion to vacate is **GRANTED**, the sentence

from his criminal action, 4:10-cr-393-AKK-JEO, is **VACATED**, and Petitioner is

due to be resentenced pursuant to the Fair Sentencing Act of 2010 on **October 31,**

**2012 at 2:15pm**.

**DONE** this 5th day of October, 2012.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE